BENJAMIN B. WAGNER
United States Attorney
GRACE M. KIM
Regional Chief Counsel
DANIEL P. TALBERT
Special Assistant United States Attorney
    Social Security Administration
    160 Spear Street, Suite 800
    San Francisco, CA 94105
    Telephone: (415) 977-8926
    Facsimile: (415) 977-8873

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| KENNETH WALKER, | ) CASE NO. 2:10-cv-02066-GGH |
| | ) |
| Plaintiff, | ) STIPULATION AND ORDER |
| vs. | ) TO REOPEN AND DISMISS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant.[1] | ) |

    The parties hereby stipulate, through their undersigned attorneys, and with the approval of the Court, that this case shall be reopened for the purpose of entering judgment for Plaintiff.

    On February 28, 2011, pursuant to the stipulation of the parties, this Court remanded the instant case to the Commissioner for a new hearing. Certain exhibits were missing from the record, which made meaningful review of the case impossible. On September 20, 2011, an administrative law judge (ALJ) issued a fully favorable decision in Plaintiff's case, with an amended onset date, i.e., finding Plaintiff to be disabled after the previous ALJ decision (*see*

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Exhibit 1). As such, Plaintiff is not a prevailing party in this case, and has agreed to dismiss this action.

Now that the administrative proceedings have concluded, reopening is necessary. In a sentence-six remand case, the Court retains jurisdiction following the remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (district court retains jurisdiction over Social Security cases remanded under 42 U.S.C. § 405(g), sentence six, and where the final administrative decision is favorable to one party or the other, the Commissioner is to return to the court following completion of the administrative proceedings on remand so that the court may enter a final judgment or, as in this case, a dismissal); *see also Shalala v. Schaefer*, 509 U.S. 292, 298-300 (1993).

> [A] sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment, the Court said, is therefore always interlocutory and never a "final" judgment.

*Carrol v. Sullivan*, 802 F.Supp. 295, 300 (C.D.Cal. 1992) (*paraphrasing and quoting Melkonyan*).

It is therefore appropriate to reopen this case in order to resolve the Court's sentence-six jurisdiction. Upon reopening, the parties stipulate that the case shall be dismissed.

Respectfully submitted,

Dated: May 6, 2013         /s/ *Bess Brewer*
                           (As authorized via email)
                           BESS BREWER
                           Attorney for Plaintiff


                           BENJAMIN B. WAGNER
                           United States Attorney

Date: May 6, 2013          By s/ *Daniel P. Talbert*
                           DANIEL P. TALBERT
                           Special Assistant U. S. Attorney

ORDER

Pursuant to stipulation, it is so ordered.

Dated: May 13, 2013          /s/ Gregory G. Hollows
                             _____

                             UNITED STATES MAGISTRATE JUDGE